UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PAULO J. SALCEDO, et al. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-05-2630 |
| | § | |
| THE CITY OF HOUSTON | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Before the court is defendant City of Houston's motion for summary judgment. (Dkt. 17). Plaintiffs Paulo J. Salcedo, Amelia Salcedo, Individually and As Next Friend of Joshua Paul Salcedo, a minor, and Jose Lopez Padilla were properly served with this motion on May 5, 2006, but have filed no response or request for additional time to respond. The court recommends that the City of Houston's motion be granted.

## BACKGROUND

On August 17, 2002 plaintiffs were detained and arrested by Houston Police officers in the parking lot of K-Mart in the 8400 block of Westheimer, in Houston, Texas. Subsequently, plaintiffs brought an action for damages resulting from criminal trespass, assault, false imprisonment, intentional and negligent infliction of emotional distress, malicious prosecution, and holding plaintiffs in a false light. (Dkt. 1, p. 13). In their Second Amended Original Petition, plaintiffs asserted a 42 U.S.C. § 1983 claim against the City of Houston for constitutional rights violations. (Dkt. 1, p. 31).

The City of Houston seeks summary judgment on the grounds that (1) no custom, policy, or practice giving rise to section 1983 liability has been established; (2) no evidence supporting an equal protection claim has been shown; (3) plaintiffs' intentional torts claims are outside the limited waiver of governmental immunity provided by the Texas Torts Claims Act; and (4) a negligent infliction of emotional distress cause of action does not exist in Texas.

## ANALYSIS

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). Dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party. *In re Segerstrom*, 247 F.3d 218, 223 (5th Cir. 2001). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002). The movant need not introduce evidence to negate the opponent's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

If the movant meets this burden, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (quoting *Tubacex, Inc. v. M/V*

*Risan*, 45 F.3d 951, 954 (5th Cir. 1995)); *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002). If the evidence presented to rebut the summary judgment is not significantly probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). In determining whether a genuine issue of material fact exists, the court views the evidence and draws inferences in the light most favorable to the nonmoving party. *Id.* at 255; *Hotard v. State Farm Fire & Cas. Co.*, 286 F.3d 814, 817 (5th Cir. 2002). However, when the non-movant submits no summary judgment response, the trial court may accept as undisputed the facts in the motion for summary judgment. *See Eversley v. Mbank Dallas*, 843 F.2d 172, 173-74 (5th Cir. 1988).

1. **Section 1983 Claim**

    Plaintiffs allege claims based on a deprivation of rights under 42 U.S.C. § 1983. To hold a municipality or local governmental unit liable under section 1983 for the misconduct of one of its employees, a plaintiff must allege the existence of an official policy or custom which was the "moving force" behind the deprivation of his constitutional rights. *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690, 694 (1978); *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997); *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 532-33 (5th Cir. 1996). An official policy or custom is a "policy statement, ordinance, regulation, or decision that is officially adopted and promulgated . . ." or a "persistent widespread practice of city official or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as

to constitute a custom that fairly represents a municipal policy." *Webster v. City of Houston*, 735 F.2d 838, 848 (5th Cir. 1984).

Plaintiffs do not complain that the City of Houston has a policy, custom, or practice, which was the moving force behind the deprivation of their constitutional rights; nor do Plaintiffs complain that the Houston Police Department acted upon such a custom or policy. Instead, plaintiffs merely allege that the employees, police officers, agents and representatives of the City of Houston were acting within the scope of their agency and employment. (Dkt. 1, p. 14). Essentially, plaintiffs are complaining that the City of Houston is vicariously liable for the actions of the Houston Police officers under the theory of respondeat superior. However, a municipality may not be held vicariously liable under section 1983 for the actions of its employees. *Monell*, 436 U.S. at 690; *see also City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Moreover, plaintiffs focus upon a single incident occurring on August 17, 2002, and offer no facts indicating a pattern, which might suggest a policy or custom. Such an isolated violation is insufficient to establish the requisite custom and policy giving rise to municipal section 1983 liability. *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995).

Because plaintiffs have neither pleaded nor shown the existence of a custom or policy, the section 1983 claims should be dismissed.

4

2.  **Equal Protection Claim**

The City of Houston correctly asserts that plaintiffs have made only a bare allegation of the denial of equal protection without offering any facts to support the claim. (Dkt. 1, p.33). Unsupported allegations do not raise genuine issues of material fact required to avoid summary judgment. *First Nat. Bank of Ariz. v. Cities Serv. Co*, 391 U.S. 253, 289 (1968); *Norris v. Hous. Auth. of City of Galveston*, 980 F.Supp. 885, 902 (S.D. Tex 1997). The City should be granted summary judgment on this issue.

3.  **State Law Claims**

Plaintiffs allege claims for assault, false imprisonment, and intentional infliction of emotional distress. These claims are defeated under the doctrine of governmental immunity.[1] Under that doctrine, a governmental unit is immune from suit for state law claims unless the Texas legislature has waived immunity in clear and unambiguous language. *See* TEX. GOV'T CODE ANN.§ 311.034 (Vernon 2005); *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003); *General Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 594 (Tex. 2001).

The Texas Tort Claims Act expressly declines to waive governmental immunity from claims arising out of assault, battery, false imprisonment, or any other intentional tort..."

---

[1]  This court will use the term "governmental immunity" rather than "sovereign immunity" because this is a suit against a municipality rather than the state of Texas. *See Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003).

TEX. CIV. PRAC & REM. CODE ANN § 101.057 (Vernon 2005); *see also Nueces County v. Ferguson*, 97 S.W.3d 205, 223 (Tex.App. - Corpus Christi 2002, no pet.). Therefore, the City of Houston should be granted summary judgment on all intentional tort claims asserted by plaintiffs.

Plaintiffs also bring claims for negligent infliction of emotional distress. The City correctly observes that Texas does not recognize such a cause of action. *Boyle v. Kerr*, 855 S.W.2d 593, 597 (Tex. 1993).

### IV.   **CONCLUSION AND RECOMMENDATION**

For these reasons, it is recommended that the City of Houston's motion for summary judgment be granted in its entirety. The parties have ten (10) days from receipt of this Memorandum and Recommendation to file written objections. *See* FED. R.CIV.P.72

Signed at Houston, Texas on September 1, 2006.

Stephen Wm. Smith
United States Magistrate Judge